**THANH TRUONG FOXX SBN 194405**
**THANH TRUONG FOXX, INC.**
**A PROFESSIONAL CORPORATION**
2150 River Plaza Drive, Suite 164
Sacramento, CA 95833
Telephone - (916) 922-2255
Facsimile - (916) 920-0355

Attorney for Debtors
Jeremiah Harper and Holly Harper

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re

JEREMIAH HARPER and HOLLY
HARPER,

    Debtors.

_____/

Case No. 2014-21371-A-12

Chapter 12

**CHAPTER 12 PLAN, DATED MAY 14, 2014**

    Debtors Jeremiah Harper and Holly Harper submit this Chapter 12 Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. § 1221:

## SUBMISSION OF INCOME

    Debtors are family farmers with regular annual income and are eligible to be debtors under Chapter 12 of Title 11 of the United States Code (the "Bankruptcy Code")

    Debtors submit to the supervision and control of the Chapter 12 trustee (the "Trustee") the amounts set forth herein from the Debtors' future disposable income from their farming operations as required for performance of this Chapter 12 Plan. Debtors will be able to make all payments under this Chapter 12 and will be able to otherwise comply with this Chapter 12 Plan. Debtors shall move the Court for approval of a period of Plan payments lasting for five years, pursuant to 11 U.S.C. § 1222(c).

**ARTICLE I.**

**CLASSIFICATION AND TREATMENT OF CLAIMS**

1.01   Class 1.   Administrative Expense Claims

1.02   Class 2.   Other Priority Claims

1.03   Class 3.   The claim of Greentree Servicing (1st DOT), as to 606 3rd Street, Wheatland, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.04   Class 4.   The claim of Caterpillar Financial Services Corp. as to that certain Model D5NXL Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.05   Class 5.   The claim of CNH Capital America, LLC as to that certain Case IH Model Magnum 335 Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.06   Class 6.   The claim of CNH Capital America, LLC as to that certain Case IH Model STX450 Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.07   Class 7.   The claim of CNH Capital America, LLC as to that certain M&W Model 5000 Tiller, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.08   Class 8.   The claim of Naeda Financial Ltd. as to that certain 2011 SWECO 40 x 20 Tri-plane, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.09   Class 9.   The claim of Naeda Financial Ltd. as to that certain 2010 SWECO Rice Ridger, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.10   Class 10.   The claim of Wilbur-Ellis Co. as to certain crop proceeds, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.11   Class 11.   The claim of John Deere Credit pursuant to its judgment lien, to

2

the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.12.  Class 12.      The claim of Ally Financial as to that certain 2010 Dodge Ram Pickup Truck, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.12  Class 13.  The claim of Ally Financial as to that certain 2011 Dodge Ram Pickup Truck, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.13  Class 14.  All Unsecured Claims which are not administrative claims, priority claims or are not otherwise separately classified.  This Class includes the portion of claims secured by property of the estate, to the extent the allowed amount of such claims exceeds the value of the property securing the claims.

1.13  Debtors' ownership interests.

## ARTICLE II.

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and interests shall be treated as follows:

2.01  Class 1: Administrative Claims.  Class 1 shall include all costs and expenses incurred by Debtors during the course of this bankruptcy proceeding, to the extent allowable under 11 U.S.C. § 503 and entitled to priority under 11 U.S.C. § 507(a)(2), including the fees of the Chapter 12 trustee.   The administrative claims include the fees and expenses of the professionals employed in this case, including the Debtors' attorney.   The Class 1 administrative claims shall be paid in full upon the entry of a final order approving such claims.

2.02  Class 2:  Other Priority Claims.  Class 2 shall include all allowed claims entitled to priority pursuant to 11 U.S.C. § 507 other than Class 1 administrative claims. Class 2 shall include the claims of the Internal Revenue Service.   Debtors estimate that the aggregate amount of this Class is $125,066.00.  Debtors shall make semi-annual payments to the Trustee in the aggregate amount of $50,000.00 per year, from which 1/5th of the aggregate amount of the allowed Class 2 priority claims shall first be paid.

After the payment described in the preceding sentence has been applied to the Class 2 claims, the remaining amount of such annual payment shall be distributed to the holders of Class 14 allowed unsecured claims on a pro rata basis.   Such payments to the Trustee shall be made in December and July of each year of Plan performance, ending in the fifth year, with $20,000.00 paid in December and $30,000.00 paid in July.

     2.03   <u>Class 3: Greentree Servicing.</u>  Class 3 consists of the secured claim of Greentree Servicing secured by a first priority deed of trust on Debtors' real property commonly known as 606 3rd Street, Wheatland, California (the "Wheatland Property"). The Wheatland Property has an appraised value of $55,000.00 and the Debtors shall file a motion to value such collateral which shall be heard on or prior to the date of the plan confirmation hearing.   Debtors propose to amortize the $55,000.00 secured balance over ten (10) years at an interest rate of 4.75% and shall make annual payments to the Trustee in the amount of $6,919.92 per year in December of each year in order to repay such claim in full.  Debtors shall make such payments to Greentree directly after the fifth year of Plan performance when the Trustee is no longer  is no longer administering the Debtors' Plan.   The balance of the loan in the amount of approximately $124,878.92 shall be treated as an unsecured Class 14 claim and Greentree shall be paid such remaining outstanding balance in accordance with the terms of repayment made to all other unsecured creditors.

     2.04   <u>Class 4: Caterpillar Financial Services</u>**.**  Class 4 consists of the secured claim of Caterpillar Financial Services Corp. ("Caterpillar") secured by a security interest in Debtors' Caterpillar Model D5NXL Tractor (Serial No. AGG02115).   The claim of approximately of $29,527.58 shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 6.5% per annum and shall make annual payments to the Trustee in the amount of $6,932.76 per year in December of each year in order to repay such claim in full.

     2.05   <u>Class 5: CNH Capital America</u>.  Class 5 consists of the secured claim of

CNH Capital America, LLC ("CNH Capital") secured by a security interest in Debtors' Case IH Model Magnum 335 Tractor (Serial No. ZARZ01856). CNH Capital's claim of approximately $113,966.80 shall be deemed fully secured and Debtors propose to reamortize such amount over ten (10) years at an interest rate of 4.75% per annum and Debtors shall make annual payments to the Trustee in the amount of $14,338.92 per year in December of each year in order to repay such claim in full. Debtors shall make such payments to CNH Capital directly after the fifth year of Plan performance when the Trustee is no longer administering the Debtors' Plan.

      2.06   <u>Class 6: CNH Capital America.</u>  Class 6 consists of the secured claim of CNH Capital secured by a security interest in Debtors' Case IH Model STX450 tractor (Serial No. JEE102741). CNH Capital's Class 6 claim, in the amount of $96,331.75, shall be deemed fully secured and Debtors propose to reamortize such amount over ten (10) years at an interest rate of 4.75% per annum. Debtors shall make annual payments to the Trustee in the amount of $12,120.12 per year in December of each year in order to repay such claim in full. Debtors shall make such payments to CNH Capital directly after the fifth year of Plan performance when the Trustee is no longer administering the Debtors' Plan.

      2.07   <u>Class 7: CNH Capital America.</u>  Class 7 consists of the secured claim of CNH Capital secured by a security interest in Debtors' M&W Model 5000 Tiller (Serial No. 1999010). CNH Capital's claim of approximately $15,892.67 shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 4.75% per annum. Debtors shall make annual payments to the Trustee in the amount of $3,577.20 per year in December of each year in order to repay such claim in full. Debtors shall make such payments to CNH Capital directly after the fifth year of Plan performance when the Trustee is no longer administering the Debtors' Plan.

      2.08   <u>Class 8: Naeda Financial, LLC.</u>  Class 8 consists of the secured claim Naeda Financial, LLC ("Naeda") secured by a security interest in Debtors' 2010 Model Ridger32 Sweco Rice Ridger (Serial No. R4T-32-048). Naeda's claim of approximately

$3,972.69 shall be deemed fully secured and Debtors propose to reamortize such amount over three (3) years at an interest rate of 4.75% per annum.  All adequate protection payments made by the Debtors on this Class 8 claim prior to Plan confirmation shall be credited to the outstanding balance.  Debtor shall make annual payments to the Trustee in the amount of $1,423.44 per year in December of each year in order to repay such claim in full.

2.09    Class 9: Naeda Financial, LLC.  Class 9 consists of the secured claim Naeda Financial, LLC ("Naeda") secured by a security interest in Debtors' 2011 Model Sweco 40 x 20 Triplane (Serial No. STP40C24-339).  Naeda's claim of approximately $14,229.66 shall be deemed fully secured and Debtors propose to reamortize such amount over three (3) years at an interest rate of 4.75% per annum.  All adequate protection payments made by the Debtors on this Class 9 claim prior to Plan confirmation shall be credited to the outstanding balance.  Debtor shall make annual payments to the Trustee in the amount of $5,098.56 per year in December of each year in order to repay such claim in full.

2.10    Class 10: Wilbur-Ellis Company.  Class 10 consists of the secured claim of Wilbur-Ellis Co. ("Wilber-Ellis") secured by a security interest in Debtors' 2012 crop proceeds as well as a judgment lien on the Wheatland Property.   The value of the remaining proceeds of the Debtors' 2012 crop is $11,270.93 and the Debtors shall file a motion to value such collateral which shall be heard on or prior to the date of the plan confirmation hearing**.**  Debtors propose to amortize the $11,270.93 secured balance over five (5) years at an interest rate of 4.75% per annum.  Debtors shall make annual payments to the Trustee in the amount of $2,536.92 per year in December of each year, or such other amount as necessary to repay the allowed secured claim of Wilbur-Ellis in full over five years, until the portion of this Wilbur-Ellis claim allowed as a secured claim has been repaid in full**.**   Debtors shall file a motion to avoid the judgment lien on the Wheatland Property which shall be heard on or prior to the hearing on Plan confirmation. The portion of the Wilbur-Ellis claim not allowed as a secured claim shall be treated as an

unsecured Class 14 claim and Wilbur Ellis shall be paid such remaining outstanding balance in accordance with the terms of repayment made to all other unsecured creditors.

2.11    Class 11: John Deere Credit.    Class 11 consists of the secured claim of John Deere Credit secured by a judgment lien on the Wheatland Property.   Debtors shall file a motion to avoid such judgment lien which shall be heard on or prior to the hearing on Plan confirmation.   The portion of the John Deere Credit claim not allowed as a secured claim shall be treated as an unsecured Class 14 claim and John Deere Credit shall be such remaining outstanding in accordance with the terms of repayment made to all other unsecured creditors.

2.12.    Class 12: Ally Financial.    Class 12 consists of the secured claim of Ally Financial ("Ally") secured by a security interest in Debtors' 2010 Dodge Ram (VIN: 3d6W6GL5AG115007).   Ally's claim of $18,690.48 shall be deemed fully secured and reamortized at the rate of 5.0% per annum and Debtors shall pay $500 per month to the Trustee until such claim is repaid in full.   All adequate protection payments made by the Debtors on this Class 12 claim prior to Plan confirmation shall be credited to the outstanding balance.

2.13.    Class 13: Ally Financial.    Class 13 consists of the secured claim of Ally secured by a security interest in Debtors' 2011 Dodge Ram (VIN: 3D7UT2CL7BG522221).   Debtors and Ally shall stipulate as to a mutually agreeable valuation of the collateral prior to the Plan confirmation and determining the portion of this Class 13 claim allowed as a secured claim.   The allowed secured claim shall be reamortized at the rate of 5.0% per annum and Debtors shall repay such claim in full through equal monthly payments to the Trustee over a period of 60 months.   All adequate protection payments made by the Debtors on this Class 12 claim prior to Plan confirmation shall be credited to the outstanding balance of the allowed secured claim. Any portion of this claim in excess of the value of the collateral shall be treated as an unsecured Class 14 claim and Ally shall be paid such remaining outstanding balance in accordance with the terms of repayment made to all other unsecured creditors.

2.14.  Class 14: Allowed Unsecured Claims.  Debtors shall make semi-annual payments to the Trustee in the aggregate amount of $50,000.00 per year, from which 1/5th of the aggregate amount of the allowed Class 2 priority claims shall first be paid. After the payment described in the preceding sentence has been applied to the Class 2 claims, the remaining amount of such semi-annual payment shall be distributed to the holders of allowed unsecured claims on a pro rata basis.  Such payments to the Trustee shall be made by the Debtors in December and July of each year of Plan performance, ending in the fifth year, with $20,000.00 paid in December and $30,000.00 paid in July.

### ARTICLE III.

### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.01.  Assumed Executory Contracts and Unexpired Leases.  On the Effective of the Plan the following land leases will be assumed pursuant to 11 U.S.C. § 1222(b)(6):

a.    CWS Enterprises, Inc. - 360 acres

b.    Donald A. Boom and Barbara Boom - 81 acres

c.    James Kupseor - 35 acres

3.02.  Rejected Executory Contracts and Unexpired Leases.  The Debtors will be conclusively deemed to have rejected all executory contracts and unexpired leases not expressly assumed on or prior to the Effective Date of the Plan.  Any party claiming damages from a rejected executory contract or unexpired lease shall file a proof of claim within 30 days of the Effective Date of the Plan.

### ARTICLE IV.

### IMPLEMENTATION OF THE PLAN

4.01.  Means for Implementation of the Plan.  Debtors shall implement the Plan by continuing their rice farming operations and continuing to perform custom farm work for third-parties on a contract basis.  The funds necessary for implementing the Plan shall be derived from such farming operations.   Plan payments shall be made to the Trustee and disbursed on Claims on a monthly or semi-annual basis in the manner set forth above.

4.02.  Retention and Enforcement of Claims.  Debtors may, from and after the

Effective Date of the Plan, act to enforce all claims of any kind held by the Estate.

4.03.   Objections to Claims and Estimation of Claims.   The Debtors shall retain authority, from and after the Effective Date of the Plan, to file objections to any Claims filed in this proceeding and the Court shall retain jurisdiction, from and after the Effective Date of the Plan, to hear all of such objections.

**ARTICLE V.**

**LIQUIDATION ANALYSIS**

In accordance with 11 U.S.C. § 1225(a)(4), the value, as of the Effective Date, of the property to be distributed pursuant to the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the Estate were liquidated under Chapter 7 of the Bankruptcy Code.  A liquidation analysis demonstrating compliance with Section 1225(a)(4) is attached hereto as Exhibit "A".

**ARTICLE VI.**

**GENERAL PROVISIONS**

6.01.   Confirmation Procedure.  If no timely objection to confirmation of the Debtors' Plan is filed with the Court and served upon Debtors' attorney, the Court may confirm this Chapter 12 Plan without further notice.

6.02.   Effective Date.  The Effective of the Plan shall be the date on which the Court's Order confirming the Plan becomes final.

6.03.   Binding Effect.  The rights and obligations of any entity named or referred to in this Plan, following confirmation, shall be binding upon and shall inure to the benefit of the successors or assigns of such entity.

6.04.   Revesting.     Property of the Estate shall revest in the Debtors upon the Effective Date of the Plan.

6.05.   Discharge.   After the Debtors complete all payments required by the Plan, which shall occur approximately 5 years after the Effective Date of the Plan, they shall be discharged from any and all debts that arose prior to the confirmation of this Plan, as provided under 11 U.S.C. § 1228(a).

9

6.06.   Amendments. As provided under 11 U.S.C.§ 1223, the Plan may be modified by the Debtors at any time prior to confirmation.   Debtors may also request modification of the Plan after the Effective Date pursuant to 11 U.S.C. § 1229.

6.07.   Payment Amounts.   The actual payments to be made under this Plan shall be based upon the allowed amounts of each claim.  The claim amounts reflected herein are estimates based on information available to the Debtors.  Pursuant to 11 U.S.C. § 502(b), the allowed amount of each claim will be the amount reflected in the Proof of Claim to which no objection is filed.  If an objection to a claim is filed by the Debtors, the allowed amount shall be the amount determined by a final order of the Court.

6.08.   Remedies Upon Default.  If Debtors default under this plan, the Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1.  This relief may consist of, without limitation, dismissal of the case or relief from the automatic stay to pursue rights against collateral.  If the court terminates the automatic stay to permit a secured claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such secured claim..  Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 14 unsecured claim subject to the timely filing of a proof of claim.

6.10.   Retention of Jurisdiction.   The Court shall retain jurisdiction and have all authority to enforce and interpret the Plan, as provided under the applicable provisions of the Bankruptcy Code.

Respectfully submitted,

**THANH T. FOXX, INC.**
**A PROFESSIONAL CORPORATION**

Dated: May 14, 2014          By:      /s/ Thanh T. Foxx
                                          THANH T. FOXX, Attorney for
                                          Debtors Jeremiah and Holly Harper

# EXHIBIT "A"

Jeremiah & Holly Harper

## Liquidation Summary

| Description | Total Amount | Real Property | Personal Prpty |
|---|---|---|---|
| Total Property Value | 696,869.85 | 55,000.00 | 641,869.85 |
| Less: | | | |
| Schedule D. Secured Claims | 359,333.74 | 55,000.00 | 304,333.74 |
| Schedule C. Exemptions | 42,661.00 | 0.00 | 42,661.00 |
| Costs of Sale | 22,556.10 | 3,300.00 | 19,256.10 |
| | ---------------- | ---------------- | ---------------- |
| Interest in Nonexempt Property | 275,619.01 | -3,300.00 | 275,619.01 |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | 17,030.95 | | |
| Schedule E. Priority Claims | 125,066.00 | | |
| | ---------------- | | |
| Available to General Unsecured | 130,222.06 | | |
| | | | |
| Total General Unsecured | 541,163.56 | | |
| Percent Distribution | 24.06% | | |
| | | | |
| Details: | | | |
| Unsecured from Schedule D | 360,747.93 | 124,878.92 | 235,869.01 |
| Unsecured from Schedule E | 0.00 | | |
| Unsecured from Schedule F | 180,415.63 | | |

Property Cost of Sales:

| | | |
|---|---|---|
| Real Property 6% of $55,000.00 | 3,300.00 | |
| Personal Property 3% of $641,869.85 | 19,256.10 | |
| Total Cost of Sales | 22,556.10 | |