SCOTT A. COBEN & ASSOCIATES
Scott A. CoBen - State Bar No. 155160
5221 Starkes Grade Road
Pollock Pines, CA 95726
Telephone: (530) 647-0110

Attorney for Debtors, JEREMIAH HARPER and HOLLY HARPER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re | Case No. 2014-21371-A-12 |
| | Chapter 12 |
| JEREMIAH HARPER and HOLLY HARPER, | DCN: SAC-016 |
| Debtors. | **THIRD AMENDED CHAPTER 12 PLAN, DATED OCTOBER 8, 2014** |
| | Date:       November 24, 2014 |
| | Time:       10:00 a.m. |
| | Place:      501 I St., Courtroom 28, Dept. A |
| | Sacramento, CA |
| _____/ | Judge:      Hon. Michael S. McManus |

Debtors Jeremiah Harper and Holly Harper submit this Third Amended Chapter 12 Plan

of Reorganization (the "Plan") pursuant to 11 U.S.C. § 1221:

### SUBMISSION OF INCOME

Debtors are family farmers with regular annual income and are eligible to be debtors

under Chapter 12 of Title 11 of the United States Code (the "Bankruptcy Code")

Debtors submit to the supervision and control of the Chapter 12 trustee (the "Trustee") the amounts set forth herein from the Debtors' future disposable income from their farming operations as required for performance of this Chapter 12 Plan.   Debtors will be able to make all payments under this Chapter 12 and will be able to otherwise comply with this Chapter 12 Plan. Debtors shall move the Court for approval of a period of Plan payments lasting for five years, pursuant to 11 U.S.C. § 1222(c).

## ARTICLE I.

## CLASSIFICATION AND TREATMENT OF CLAIMS

1.01    Class 1.   Administrative Expense Claims

1.02    Class 2.   Other Priority Claims

1.03    Class 3.  The claim of Greentree Servicing (1st DOT), as to 606 3rd Street, Wheatland, California, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.04    Class 4.   The claim of Caterpillar Financial Services Corp. as to that certain Model D5NXL Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.05    Class 5.   The claim of CNH Capital America, LLC as to that certain Case IH Model Magnum 335 Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.06    Class 6.   The claim of CNH Capital America, LLC as to that certain Case IH Model STX450 Tractor, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

1.07    Class 7.   The claim of CNH Capital America, LLC as to that certain

M&W Model 5000 Tiller, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

  1.08 <u>Class 8.</u> The claim of Wilbur-Ellis Company secured by a security interest in Debtors' 2012 crop proceeds as well as a judgment lien on the Wheatland Property and Debtors' personal property, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

  1.9 <u>Class 9.</u> The claim of John Deere Credit pursuant to its judgment lien on the Wheatland Property, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

  1.10 <u>Class 10.</u> The claim of Ally Financial as to that certain 2010 Dodge Ram Pickup Truck, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

  1.11 <u>Class 11.</u> The claim of Ally Financial as to that certain 2011 Dodge Ram Pickup Truck, to the extent allowed as a secured claim under Section 506 of the Bankruptcy Code.

  1.12 <u>Class 12.</u> All Unsecured Claims which are not administrative claims, priority claims or are not otherwise separately classified. This Class includes the portion of claims secured by property of the estate, to the extent the allowed amount of such claims exceeds the value of the property securing the claims.

  1.13 Debtors' ownership interests.

## ARTICLE III.

### <u>TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN</u>

Claims and interests shall be treated as follows:

2.01    Class 1: Administrative Claims.  Class 1 shall include all costs and expenses incurred by Debtors during the course of this bankruptcy proceeding, to the extent allowable under 11 U.S.C. § 503 and entitled to priority under 11 U.S.C. § 507(a)(2), including the fees of the Chapter 12 trustee.   The administrative claims include the fees and expenses of the professionals employed in this case, including the Debtors' attorney.   The Class 1 administrative claims shall be paid in full upon the entry of a final order approving such claims.

2.02    Class 2:  Other Priority Claims.  Class 2 shall include all allowed claims entitled to priority pursuant to 11 U.S.C. § 507 other than Class 1 administrative claims.   Class 2 includes: (a) the portion of the claims of the State of California Franchise Tax Board entitled to priority status in the total amount of $41,927.60 and (b) the portions of the claim of the Internal Revenue Service entitled to priority and secured status in the total amount of $140,369.11. Debtors estimate that the aggregate amount of this Class is $182,296.71.   Debtors shall make annual payments to the Trustee in the aggregate amount of $60,000.00 per year, from which 1/5th of the aggregate amount of the allowed Class 2 priority claims shall first be paid.    After the payment described in the preceding sentence has been applied to the Class 2 claims, the Trustee shall deduct his statutory fee and the remaining amount of such annual payment shall be distributed to the holders of allowed unsecured claims on a *pro rata* basis.   Such payments to the Trustee shall be made in December of each year of Plan performance, ending in the fifth year. All Class 2 claims shall be paid in full within five years of the Effective Date of the Plan.

2.03    Class 3: Green Tree Servicing.  Class 3 consists of the secured claim of Green Tree Servicing, LLC ("Green Tree") secured by a first priority deed of trust on Debtors' real property commonly known as 606 3rd Street, Wheatland, California (the "Wheatland Property").   The Wheatland Property has an appraised value of $53,500.00 and the Debtors shall

file a motion to value such collateral which shall be heard on or prior to the date of the plan confirmation hearing.   Debtors propose to amortize the $53,500.00 secured balance over ten (10) years at an interest rate of 4.75% and shall make annual payments to the Trustee in the amount of $6,731.16 per year in December of each year in order to repay such allowed secured claim in full. Debtors shall make such payments to Green Tree directly after the fifth year of Plan performance when the Trustee is no longer  is no longer administering the Debtors' Plan.   The balance of the loan in the amount of $143,614.31 shall be treated as an unsecured Class 12 claim and Green Tree shall be paid such remaining outstanding balance in accordance with the terms of repayment made to all other unsecured creditors.

      2.04     Class 4: Caterpillar Financial Services.  Class 4 consists of the secured claim of Caterpillar Financial Services Corp. ("Caterpillar") secured by a security interest in Debtors' Caterpillar Model D5NXL Tractor (Serial No. AGG02115).   The claim of approximately of $29,527.58 shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 6.5% per annum and shall make annual payments to the Trustee in the amount of $6,932.76 per year in December of each year in order to repay such claim in full.

      2.05     Class 5: CNH Capital America.  Class 5 consists of the secured claim of CNH Capital America, LLC ("CNH Capital") secured by a security interest in Debtors' Case IH Model Magnum 335 Tractor (Serial No. ZARZ01856).   CNH Capital's Class 5 claim in the amount of $96,331.75 shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 4.75% per annum and Debtors shall make annual payments to the Trustee in the amount of $21,682.96 per year in December of each year in order to repay such claim in full.

2.06   <u>Class 6: CNH Capital America.</u>   Class 6 consists of the secured claim of CNH Capital secured by a security interest in Debtors' Case IH Model STX450 tractor (Serial No. JEE102741).    CNH Capital's Class 6 claim, in the amount of $113,966.80, shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 4.75% per annum. Debtors shall make annual payments to the Trustee in the amount of $25,651.92 per year in December of each year in order to repay such claim in full.

2.07   <u>Class 7: CNH Capital America.</u>   Class 7 consists of the secured claim of CNH Capital secured by a security interest in Debtors' M&W Model 5000 Tiller (Serial No. 1999010).    CNH Capital's claim of approximately $15,892.67 shall be deemed fully secured and Debtors propose to reamortize such amount over five (5) years at an interest rate of 4.75% per annum. Debtors shall make annual payments to the Trustee in the amount of $3,577.20 per year in December of each year in order to repay such claim in full.

2.08   <u>Class 8: Wilbur-Ellis Company.</u>   Class 8 consists of the secured claim of Wilbur-Ellis Co. ("Wilbur-Ellis") in the amount of $47,965.00, secured by a security interest in Debtors' 2012 crop proceeds as well as a judgment lien on the Wheatland Property and Debtors' personal property. As provided in the Stipulation for Plan Treatment, dated as of September 8, 2014 [Docket No. 232], by and between Debtors and Wilbur-Ellis, on or prior to the Effective Date, Debtors shall deliver and endorse to Wilbur-Ellis two negotiable instruments from Farmers Grain Elevator payable to both Debtors and Wilbur-Ellis in the aggregate amount of $20,280.85. Within five business days of receiving such payment, Wilbur-Ellis will provide Debtor's attorney with a notarized satisfaction of the judgment entered on January 29, 2013 in Yuba Superior Court Action No. CVCV12-989, for filing with that court and for recording in the official records of Yuba County, and with a Judgment Lien Change Form (Form JL3) releasing the judgment lien

recorded with the California Secretary of State on February 1, 2013.   The unpaid balance of the Wilbur Ellis claim, in the amount of $27,684.15 shall be treated as Class 12 unsecured claim and such remaining outstanding balance shall be paid in accordance with the terms of repayment made to all other unsecured creditors.

2.11    Class 9: John Deere Credit.  Class 9 consists of the secured claim of John Deere Credit secured by a judgment lien on the Wheatland Property.   Debtors shall file a motion to avoid such judgment lien which shall be heard on or prior to the hearing on Plan confirmation. The portion of the John Deere Credit claim not allowed as a secured claim shall be treated as an unsecured Class 12 claim and John Deere Credit shall be such remaining outstanding in accordance with the terms of repayment made to all other unsecured creditors.

2.12.    Class 10: Ally Financial.  Class 10 consists of the secured claim of Ally Financial ("Ally") secured by a security interest in Debtors' 2010 Dodge Ram (VIN: 3d6W6GL5AG115007).  Ally's claim of $18,690.48 shall be deemed fully secured and reamortized at the rate of 5.0% per annum and Debtors shall pay $500 per month to the Trustee until such claim is repaid in full.  All adequate protection payments made by the Debtors on this Class 12 claim prior to Plan confirmation shall be credited to the outstanding balance.

2.13.    Class 11: Ally Financial.  Class 11 consists of the secured claim of Ally secured by a security interest in Debtors' 2011 Dodge Ram (VIN: 3D7UT2CL7BG522221) in the amount of $36,563.64.   Debtors and Ally have stipulated to a valuation of $33,000.00 as to such vehicle, which amount shall constitute the allowed amount of Ally's Class 11 secured claim. Such amount shall be reamortized at the rate of 5.0% per annum and Debtors shall repay such allowed secured claim in full through equal monthly payments to the Trustee over a period of 60 months.  All adequate protection payments made by the Debtors on this Class 11 claim prior to

Plan confirmation shall be credited to the outstanding balance of the allowed secured claim. The unsecured balance of Ally's claim in the amount of $3,563.64 shall be treated as an unsecured Class 12 claim and Ally shall be paid such remaining outstanding balance in accordance with the terms of repayment made to all other unsecured creditors.

2.14.   <u>Class 12: Allowed Unsecured Claims.</u>   Class 12 shall include all allowed general unsecured claims for which a proof of claim has been filed prior to the claims bar date of June 17, 2014, as well as the portions of secured claims not entitled to secured status and the non-priority unsecured portions of tax claims. Class 12 includes: (a) the unsecured claim of John Deere Financial, f.s.b. in the amount of $170,437.65, (b) the unsecured claim of Cach, LLC in the amount of $20,998.28, (c) the unsecured claim of Cach, LLC in the amount of $5,685.33, (d) the unsecured claim of Adams Seed, Inc. in the amount of $4,875.72, (e) the unsecured claim of Renown Health in the amount of $2,097.75, (d) the unsecured portion of the claim of Green Tree in the estimated amount of $143,614.31, (e) the remaining balance of the claim of Wilbur-Ellis in the estimated amount of $27,684.15, (f) the non-priority, unsecured portion of the claims of the State of California Franchise Tax Board in the total amount of $20,705.14, (g) the non-priority, unsecured portion of the claim of the Internal Revenue Service in the amount of $9,556.49. Debtors estimate that the aggregate amount of this Class is $405,654.72. Debtors shall make annual payments to the Trustee in the aggregate amount of $60,000.00 per year, from which 1/5th of the aggregate amount of the allowed Class 2 priority claims shall first be paid. After the payment described in the preceding sentence has been applied to the Class 2 claims, the Trustee shall deduct his statutory fee and the remaining amount of such annual payment shall be distributed to the holders of allowed unsecured claims on a *pro rata* basis. Such payments to the Trustee shall be made in December of each year of Plan performance, ending in the fifth year.

Debtors anticipate that an aggregate amount of $67,000.00 shall be paid on a *pro rata* basis to Class 12 creditors holding allowed unsecured claims, which amount constitutes a distribution of approximately 16.51% of such claims.

## ARTICLE III.

### PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.01.   <u>Assumed Executory Contracts and Unexpired Leases.</u>  On the Effective Date of the Plan, the following land leases will be assumed pursuant to 11 U.S.C. § 1222(b)(6):

a.      CWS Enterprises, Inc. - 360 acres

b.      Donald A. Boom and Barbara Boom - 81 acres

c.      James Kupseor - 35 acres

3.02.   <u>Rejected Executory Contracts and Unexpired Leases.</u>  The Debtors will be conclusively deemed to have rejected all executory contracts and unexpired leases not expressly assumed on or prior to the Effective Date of the Plan.  Any party claiming damages from a rejected executory contract or unexpired lease shall file a proof of claim within 30 days of the Effective Date of the Plan.

## ARTICLE IV.

### IMPLEMENTATION OF THE PLAN

4.01.   <u>Means for Implementation of the Plan.</u>  Debtors shall implement the Plan by continuing their rice farming operations and continuing to perform custom farm work for third-parties on a contract basis.  The funds necessary for implementing the Plan shall be derived from such farming operations.    Plan payments shall be made to the Trustee and disbursed on Claims on a monthly or annual basis in the manner set forth above.

4.02.   <u>Retention and Enforcement of Claims.</u>  Debtors may, from and after the

Effective Date of the Plan, act to enforce all claims of any kind held by the Estate.

4.03.   Objections to Claims and Estimation of Claims.   The Debtors shall retain authority, from and after the Effective Date of the Plan, to file objections to any Claims filed in this proceeding and the Court shall retain jurisdiction, from and after the Effective Date of the Plan, to hear all of such objections.   Any such objections to claims shall be filed within 60 days of the Effective Date of the Plan.   Debtors anticipate filing objections to the claims of the Internal Revenue Service and the State of California Franchise Tax Board, as they will be amending their tax returns in order to correct errors in the income reported for previous years.

**ARTICLE V.**

**LIQUIDATION ANALYSIS**

In accordance with 11 U.S.C. § 1225(a)(4), the value, as of the Effective Date, of the property to be distributed pursuant to the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the Estate were liquidated under Chapter 7 of the Bankruptcy Code.  A liquidation analysis demonstrating compliance with Section 1225(a)(4) is attached hereto as Exhibit "A".

**ARTICLE VI.**

**GENERAL PROVISIONS**

6.01.   Confirmation Procedure.   If no timely objection to confirmation of the Debtors' Plan is filed with the Court and served upon Debtors' attorney, the Court may confirm this Chapter 12 Plan without further notice.

6.02.   Effective Date.   The Effective of the Plan shall be the date on which the Court's Order confirming the Plan becomes final.

6.03.   Binding Effect.   The rights and obligations of any entity named or referred

to in this Plan, following confirmation, shall be binding upon and shall inure to the benefit of the successors or assigns of such entity.

6.04.  <u>Revesting.</u>      Property of the Estate shall revest in the Debtors upon the Effective Date of the Plan.

6.05.  <u>Discharge.</u>  After the Debtors complete all payments required by the Plan, which shall occur approximately 5 years after the Effective Date of the Plan, they shall be discharged from any and all debts that arose prior to the confirmation of this Plan, as provided under 11 U.S.C. § 1228(a).

6.06.  <u>Amendments.</u> As provided under 11 U.S.C.§ 1223, the Plan may be modified by the Debtors at any time prior to confirmation.   Debtors may also request modification of the Plan after the Effective pursuant to 11 U.S.C. § 1229.

6.07.  <u>Payment Amounts.</u>      The actual payments to be made under this Plan shall be based upon the allowed amounts of each claim.  The claim amounts reflected herein are estimates based on information available to the Debtors.  Pursuant to 11 U.S.C. § 502(b), the allowed amount of each claim will be the amount reflected in the Proof of Claim to which no objection is filed.  If an objection to a claim is filed by the Debtors, the allowed amount shall be the amount determined by a final order of the Court.

6.08.  <u>Remedies Upon Default.</u>  If Debtors default under this plan, the Trustee or any other party in interest may request appropriate relief by filing a motion and setting it for hearing pursuant to Local Bankruptcy Rule 9014-1.  This relief may consist of, without limitation, dismissal of the case or relief from the automatic stay to pursue rights against collateral.  If the court terminates the automatic stay to permit a secured claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account

of such secured claim.. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 12 unsecured claim subject to the timely filing of a proof of claim.

       6.09.    <u>Retention of Jurisdiction.</u>      The Court shall retain jurisdiction and have all authority to enforce and interpret the Plan, as provided under the applicable provisions of the Bankruptcy Code.

                    Respectfully submitted,

                    SCOTT A. COBEN & ASSOCIATES

Dated: October 8, 2014        By: <u>/s/ Scott A. CoBen</u>
                          Scott A. CoBen
                          Attorney for Debtors
                          JEREMIAH HARPER and HOLLY HARPER

Dated: October 8, 2014        By: <u>/s/ Jeremiah Harper</u>
                          JEREMIAH HARPER, Debtor

Dated: October 8, 2014        By: <u>/s/ Holly Harper</u>
                          HOLLY HARPER, Debtor

of such secured claim.. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 12 unsecured claim subject to the timely filing of a proof of claim.

   6.09.   Retention of Jurisdiction.   The Court shall retain jurisdiction and have all authority to enforce and interpret the Plan, as provided under the applicable provisions of the Bankruptcy Code.

                                          Respectfully submitted,

                                          SCOTT A. COBEN & ASSOCIATES

Dated: October 8, 2014          By: /s/ Scott A. CoBen
                                     Scott A. CoBen
                                     Attorney for Debtors
                                     JEREMIAH HARPER and HOLLY HARPER

Dated: October 8, 2014          By: /s/ Jeremiah Harper
                                     JEREMIAH HARPER, Debtor

Dated: October 8, 2014          By: /s/ Holly Harper
                                     HOLLY HARPER, Debtor

# EXHIBIT "A"

Jeremiah & Holly Harper

## Liquidation Summary

| Description | Total Amount | Real Property | Personal Prpty |
|---|---|---|---|
| Total Property Value | 696,869.85 | 53,500.00 | 641,869.85 |
| Less: | | | |
| Schedule D. Secured Claims | 359,333.74 | 197,114.21 | 304,333.74 |
| Schedule C. Exemptions | 42,661.00 | 0.00 | 42,661.00 |
| Costs of Sale | 22,556.10 | 3,210.00 | 19,256.10 |
| | --------------- | --------------- | --------------- |
| Interest in Nonexempt Property | 275,619.01 | -146,824.21 | 275,619.01 |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | 26,502.50 | | |
| Priority Claims | 182,296.71 | | |
| | --------------- | | |
| Available to General Unsecured | 66,819.80 | | |
| | | | |
| Total General Unsecured | 405,654.72 | | |
| Percent Distribution | 16.47% | | |
| | | | |
| Estimated Plan Distribution to Unsecured Creditors | 67,000.00 | | |
| Percent Distribution | 16.51% | | |

Property Cost of Sales:

| | | |
|---|---|---|
| Real Property 6% of $53,500.00 | 3,210.00 | |
| Personal Property 3% of $641,869.85 | 19,256.10 | |
| Total Cost of Sales | 22,466.10 | |